1   Jessica P. Tinoco (Bar No. 030317)
    Jason A. Harris (Bar No. 024412)
2   **Cruz and Associates, P.C.**
    1990 W. Camelback Rd., Ste. 203
3   Phoenix, AZ 85015
    Tel: (602) 595-5194
4   Fax: (602) 595-6893
    Email: jtinoco@Cruzfirm.com
5   *Attorneys for Plaintiff*

6   Stephan R.F. Holmquist (Bar No. 030379)
    **DSR & Associates, P.C.**
7   5635 N. Scottsdale Rd., Ste. 170
    Scottsdale, AZ 85250
8   Telephone: (714) 875-1721
    Facsimile: (480) 718-7586
9   Email: sholmquist@dsr-law.com
    *Attorneys for Plaintiff*

10

11                  IN THE UNITED STATES DISTRICT COURT

12                      FOR THE DISTRICT OF ARIZONA

13   William Kando, an individual,          )   Case No.:
                                            )
14              Plaintiff,                  )        **COMPLAINT**
                                            )
15         vs.                              )   (Temporary, Permanent Injunctive Relief,
                                            )     and Compensatory Damages Demanded)
16   JERRY SEGAWA, an individual d/b/a      )
     "ATU Enterprises LTD"; ATU             )   [American Disabilities Act]
17   ENTERPRISES LTD, a canceled            )
     California partnership; ABE'S POOLS &  )   [JURY TRIAL DEMANDED]
18   SPAS, INC., an Arizona corporation;    )
                                            )
19              Defendants.                 )
                                            )
20   _____

21          Plaintiff, WILLIAM KANDO ("Plaintiff" or "William Kando"), by and through his

22   attorneys, brings claims against JERRY SEGAWA d/b/a ATU ENTERPRISES LTD; ATU

23   ENTERPRISES LTD; and ABE'S POOLS & SPAS, INC. (collectively, "Defendants"), for:

1) injunctive relief, attorneys' fees and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"); and 2) negligence and  negligence per se causing physical injury.

## JURISDICTION AND VENUE

1.    This action arises from a violation of Title III of the ADA, 42 U.S.C. § 12181, et seq.

2.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.    Plaintiff's state law claims exceed $75,000.

5.    Defendant JERRY SEGAWA ("Segawa") is an individual who, upon information and belief, resides in San Diego, California and does business in Maricopa County, Arizona.

6.    ATU Enterprises LTD (the "Partnership") was a California limited partnership that first registered to do business in California on July 1, 1984.

7.    Upon information and belief, on or about July 24, 1984, the Partnership purchased certain real property located in Maricopa County at 15235 N. Cave Creek Road, Phoenix, Arizona 85032 (the "Property").

8.    Upon information and belief, the Partnership was dissolved on or around January 3, 1995.

9.    Upon information and belief, Segawa was the general partner of the Partnership.

-2-

10.     Defendant ABE'S POOLS & SPAS, INC. ("Abe's Pools") is an Arizona corporation doing business at the Property.

11.     Venue is proper under 28 U.S.C. § 1391(b) as the property which is the subject matter of this claim is located in Maricopa County and the Defendants are doing business in Maricopa County.

## FACTUAL ALLEGATIONS

12.     Upon information and belief, Defendants received notice long ago of their obligation to comply with the ADA.

13.     Upon information and belief, Defendants have had actual and constructive notice of their obligations under the ADA through actual notice by virtue of notification provided by the Arizona Department of State; constructive notice by virtue of the enactment of the ADA and the publicity associated therewith.

14.     Upon information and belief, Segawa continues to do business individually as "ATU Enterprises LTD" and is the true owner of the Property.

15.     Upon information and belief, Segawa, doing business as ATU Enterprises LTD, owns the Property and leases it to Defendant Abe's Pools.

16.     Defendant Abe's Pools operates its business at the Property and presumably leases the Property from Segawa.

17.     Pursuant to 42 U.S.C. § 12181(7), the Property is a place of public accommodation.

18.     Plaintiff, William Kando, is an Arizona resident and disabled.  He was, at the time of the incident that gave rise to this Complaint, 81 years old and had a valid handicap permit.

-3-

19.     Plaintiff has a "qualified disability" under the ADA.

20.     Plaintiff resides in Scottsdale, Arizona and visited the Property on September 2, 2016, to enjoy certain goods and services that Defendant Abe's Pools offers to non-disabled members of the public.

21.     On or about September 2, 2016, Plaintiff, a handicapped person, attempted to reach Abe's Pools' business located on the Property through an accessible entrance, that was, in fact, inaccessible under the ADA, when he tripped and fell, suffering injuries.

22.     Plaintiff has plans to return to the Property to enjoy the goods, services, privileges, advantages or accommodations being offered by Defendant Abe's Pools to non-disabled members of the public, but is deterred from returning because of discriminatory conditions on the Property.

23.     Plaintiff has suffered an actual injury under the ADA because of his awareness of discriminatory conditions on the Property and thus being deterred from visiting or patronizing the public accommodations.

24.     Plaintiff's injury is concrete and particularized because he is being deterred from visiting or patronizing the Property.

25.     Plaintiff's injury is caused as a direct result of Defendants' failure to comply with the ADA by, *inter alia*, failing to remove discriminatory architectural features on the Property.

26.     Plaintiff's injury will be redressed by the Court's ordering Defendants to comply with the ADA and compensate Plaintiff for the injuries he has suffered.

/ / /

/ / /

-4-

1

**STATEMENT OF THE CLAIM**

2

**COUNT I: ADA CLAIM**

3    27.    Plaintiff incorporates paragraphs 1-26 with this reference as if set forth in full.

4    28.    For a person with a disability due to ambulatory restrictions like William

5    Kando, disability discrimination protects the right to maintain a sense of autonomy versus,

6    on the other hand, feeling excluded and marginalized.  The difference might be measured in

7    mere inches.  The same measurements an able-bodied person might casually ignore can work

8    as complete and insurmountable barriers for a person in a wheelchair.  Thus, the ADA has

9    implementing regulations that guide property owners in constructing and building with

10   measurements down to the inch--measurements that the government has spent untold time

11   and resources constructing, and that truly matter to people like William Kando who need

12   them.

13   29.    The rationale for regulatory details found in the ADA came after years of study

14   and fact-finding, involving at least 13 Congressional hearings, and input from over 30,000

15   people.  *See* Board of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 390-91 (2001)

16   (Breyer, J., dissenting).

17   30.    Plaintiff considers disability discrimination to be as serious a public and

18   personal concern as racial, gender or religious discrimination.  To Mr. Kando, the failure of

19   a business to remove architectural barriers is hurtful and demeaning.

20   31.    For every single moment of their operation since the effective date of the ADA

21   in 1992, Defendants have had the opportunity to begin eliminating disability discrimination

22   on the Property in accordance with anti-discriminatory law.  Despite having more than ample

23   time, Defendants continued to place their respect for profits over the rights of disabled

people.

32.     The most obvious architectural barriers encountered by Plaintiff at the shopping center include, *inter alia*:

a.      There are no curb ramps with detectible warnings ("raised truncated domes"), in violation of ADA Accessibility Guidelines ("ADAAG") 4.29.

b.      In at least one location, the sidewalk cross slope and/or running slope is excessively steep, in violation of ADAAG 4.3.7.

c.      The slope of a number of "accessible" parking spaces and access aisles is excessive, in violation of ADAAG 4.6.

d.      The width of a number of the access aisles adjacent to "accessible" parking spaces is too narrow, in violation of ADAAG 4.6.6.

e.      The "accessible" entrances were not all accessible in violation of 4.1.2(7)(c) and no directional signage is provided indicating the route to the nearest accessible entrance in accordance with the 1991 ADA standard 4.1.2(7)(c), and 2010 ADA standards 703.7.2.1.  There was also not compliance with the alternative that directional signs complying with 703.5 that indicate the location of the nearest entrance complying with 404 be provided at entrances that do not comply with 404.

f.      The existing curb ramps have excessive running slopes and side flare slopes, and one of them extends impermissibly into the access aisle next to the accessible parking space.  These violate the following 1991 ADA standards: 4.7.5, 4.8.2, and 4.6.3 and the following 2010 ADA standards: 406.3, 405.2, and 502.4.32. Further details about the architectural barriers on the property are contained in the photographs attached as **Exhibit A**.

33.     The list of barriers above facing Mr. Kando and others with similar disabilities contains only the obvious, and is far from comprehensive.  Since most barriers involve a matter of mere inches or degrees, by their very nature, they are often undetectable to the unaided eye.  Plaintiff requires a site inspection to provide a comprehensive list of barriers that should be removed or remedied.

34.     Defendants have, upon belief, restriped and/or resurfaced or otherwise altered the parking spaces on the Property since 1992.

35.     Defendants have also, upon belief, restriped and/or resurfaced or otherwise altered the access aisles adjacent to the "accessible" parking spaces on the Property since 1992.

36.     In addition, Defendants have, upon belief, resurfaced and/or renovated or otherwise altered the sidewalks in front of the store on the Property since 1992.

37.     Defendants have further, upon belief, resurfaced or otherwise altered the curb ramps and other ramps on the Property since 1992.

38.     As a direct result of Defendants' conduct, Plaintiff has suffered discrimination in the full and equal enjoyment of the good, services, facilities, privileges, advantages, or accommodations on the Property on the basis of disability.

39.     Defendants are subjecting Plaintiff to discrimination in some or all of the following ways, namely:

        a.     denying Plaintiff the opportunity to participate in or benefit from Defendant Abe Pools' business;

        b.     failing to provide Plaintiff with the most integrated setting appropriate;

        c.     denying Plaintiff the opportunity to participate in Defendants'

programs or activities that are not separate;

        d     failing to make reasonable modifications in policies, practices, or procedures that would help people with disabilities;

        e.     failing to remove architectural barriers that are structural in nature that are readily achievable; and

        f.     failing to design or construct a facility that is readily accessible to and useable by people with disabilities in accordance with the requirements of the ADAAG.

40.    Plaintiff is aware of discriminatory conditions on the Property and is deterred from visiting or patronizing the public accommodations.

41.    Removal of each discriminatory barrier is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense.

42.    No item of barrier removal is structurally impracticable to meet the requirements of the ADAAG.

43.    Plaintiff will suffer continued discrimination if the barriers to access existing on the Property are not removed.

44.    Plaintiff has retained counsel for the prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendants pursuant to 42 U.S.C. § 12205.

45.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the Property to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the facility on the Property until the requisite modifications are completed.

## COUNT II: TORT CLAIM

46.     Plaintiff incorporates paragraphs 1-45 with this reference.

47.     On or about September 2, 2016, Defendant Segawa held his land out to the public thereby owing a duty of care to his patrons.

48.     On or about September 2, 2016, Defendant Abe's Pools held the Property out to the public thereby owing a duty of care to its patrons.

49.     At all relevant times, Plaintiff was a business invitee of Defendants.

50.     On or about September 2, 2016, Defendants, individually, had actual knowledge, or should have known, of an unreasonably dangerous and hazardous condition on their land for which they failed to remedy or warn Plaintiff.

51.     On or about September 2, 2016 Plaintiff, who has a licensed handicap plate, pulled into Defendant Abe's Pools with the intent of entering the property and make a purchase.  Plaintiff, could not locate a handicap ramp.  The only ramp visible to the Plaintiff was not marked handicap and was blocked by pool supplies.  There were no signs to direct the Plaintiff to the handicap ramp.  Defendant Abe's Pools' has a black mat directly in front of the front doors that blends into the black parking lot asphalt and is not clearly visible to patrons.  Because pool supplies was blocking the sidewalk, Plaintiff was forced to attempt to go up the sidewalk towards the front entrance immediately in front of the front entrance.  As Plaintiff attempted to walk up the side walk to the front entrance he slipped and fell causing serious injury.

52.     Defendants, individually, breached their duty of care to their patrons when they acted negligently in failing to take action to protect patrons against the presence of a foreseen hazard posing a threat of injury to their business patrons.

53.     As a direct and proximate result of Defendants' negligence as foresaid, Plaintiff suffered general and special damages for which Defendants are liable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court enter an Order:

a.      Declaring that Defendants are in violation of the ADA;

b.      Granting a temporary injunction and a permanent injunction prohibiting Defendants from conducting business at the shopping center until such time as the existing barriers to Plaintiff's access to the properties are removed;

c.      Directing Defendants to remove existing barriers to access and to make Defendants' shopping center accessible to and usable by individuals with disabilities as required by the ADA;

d.      Awarding attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205;

e.      Granting Plaintiff such sums as and for general damages in excess of the jurisdictional minimum;

f.      Granting Plaintiff such sums as and for special damages as will be proven at the time of trial;

g.      Granting such other relief as the Court deems just and proper; and

h.      For trial by jury.

Dated:  March 19, 2018

CRUZ AND ASSOCIATES, P.C.                    DSR & ASSOCIATES, P.C.

/s/Jessica P. Tinoco                                       /s/Stephan R.F. Holmquist
Jessica P. Tinoco, Esq.                                   Stephan R.F. Holmquist, Esq.
Attorneys for Plaintiff William Kando        Attorneys for Plaintiff William Kando

# EXHIBIT A





# Google Maps    15240 N Cave Creek Rd



Image capture: Aug 2017    © 2018 Google

Phoenix, Arizona

 Google, Inc.

Street View - Aug 2017