**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Kando, | No. CV-18-00881-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Jerry Segawa, *et al.*, | |
| Defendants. | |

At issue is the parties' Stipulated Motion to Dismiss ADA Claim with Prejudice (Doc. 31). Upon consideration and good cause appearing, the Court grants the Stipulated Motion to Dismiss (Doc. 31). Plaintiff's only remaining claim is "Count II: Tort Claim." (Doc. 1, Compl. ¶¶ 46–53.) Plaintiff alleges that Defendants "acted negligently in failing to take action to protect patrons against the presence of a foreseen hazard posing a threat of injury to their business patrons." (Compl. ¶ 52.) The Court construes this as a negligence claim under state law.[1]

First, the Court cannot conclude that it has diversity jurisdiction over Plaintiff's remaining claim because the parties lack complete diversity. Plaintiff is an Arizona resident. (Compl. ¶ 18.) While two of the Defendants are California residents, the

---

[1] In his Complaint, Plaintiff alleges the Court has "original jurisdiction pursuant to . . . 28 U.S.C. § 1343." (Compl. ¶ 2.) That section of the U.S. Code gives the Court original jurisdiction over certain civil rights claims and those alleging wrongdoing under 42 U.S.C. § 1985. Plaintiff fails to allege any facts in his "Count II: Tort Claim" that would give rise to a civil rights action. Rather, the Court construes his tort claim as just that—a state law tort claim.

1  Complaint alleges that Defendant Abe's Pools & Spas, Inc. is an Arizona corporation. (Compl. ¶ 10.) Because the Plaintiff and one Defendant are both Arizona residents, the parties lack complete diversity and the Court does not have diversity jurisdiction under 28 U.S.C. § 1332.

At the time of Plaintiff's Complaint, the Court had supplemental jurisdiction, conferred by 28 U.S.C. § 1367, over the tort claim because it had federal question jurisdiction over Plaintiff's ADA claim under 28 U.S.C. § 1331. But "courts may decline to exercise supplemental jurisdiction . . . if—(3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Having granted the parties' Stipulated Motion to Dismiss ADA Claim (Doc. 31) and finding that the remaining claim would be better brought in state court, the Court dismisses Plaintiff's Count II tort claim.

**IT IS THEREFORE ORDERED** granting the parties' Stipulated Motion to Dismiss ADA Claim with Prejudice (Doc. 31). The ADA claim is dismissed with prejudice.

**IT IS FURTHER ORDERED** dismissing Plaintiff's state law tort claim for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this case.

Dated this 18th day of January, 2019.

Honorable John J. Tuchi
United States District Judge